# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERLON LEE GRIFFITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 06-213-RAW-SPS |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) ) ) ) |
| Defendants. | ) |

**FILED**

MAR - 5 2008

William B. Guthrie
Clerk, U.S. District Court

By_____ Deputy Clerk

## OPINION AND ORDER

This matter is before the court on the defendants' motion to dismiss for plaintiff's failure to exhaust his administrative remedies. The court has before it for consideration plaintiff's complaint, the defendants' motion, and plaintiff's response.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary and declaratory relief for alleged constitutional violations occurring during his incarceration at Davis Correctional Facility (DCF), a private prison operated by Corrections Corporation of America in Holdenville, Oklahoma. The defendants are Corrections Corporation of America (CCA); Kathy Miller, DCF Correctional Health Service Administrator; and Dr. Brisolara, a dentist at DCF.

Plaintiff alleges the defendants were deliberately indifferent to his serious dental needs, causing him injuries and pain. He asserts that when he arrived at Lexington Assessment and Reception Center in December 2004, the facility dentist noted that plaintiff's steel jaw brace was coming loose and cutting his tongue, cheek, and gums. Plaintiff was

received at DCF on January 25, 2005, where Defendant Dr. Brisolara confirmed plaintiff's dental problem. Dr. Brisolara allegedly scheduled plaintiff for a "high priority" referral to an outside dental provider, but Defendant Kathy Miller never set an appointment. Whenever plaintiff inquired about an appointment, he was advised to be patient and that he could not be told of the appointment date for security reasons. Plaintiff subsequently was transferred to Dick Conner Correctional Center, where the facility dentist repaired the brace on July 9, 2005.

The defendants have filed a motion to dismiss [Docket #44], alleging plaintiff failed to properly exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e(a). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, \_\_\_U.S.\_\_\_, 127 S.Ct. 910 (2007).

The defendants assert that DCF Grievance Policy 14-5 sets forth the specific steps an inmate must complete to exhaust his administrative remedies. Pursuant to Policy 14-5.5, inmates first are required to use the informal resolution process by submitting a Request to Staff. If the problem is not resolved by this method, he may file a grievance that documents his attempt to resolve the issue informally. Paragraph 14-5.5(G)(1)(a) of the policy requires grievances to be filed within seven (7) days of the incident in question, with the time for filing beginning on the date the issue became known to the inmate. The grievance must be filed on a grievance form and forwarded to the facility Grievance Officer, pursuant to Policy 14-5.5(I)(1). If the inmate is not satisfied with the Grievance Officer's response, he may

2

appeal to the Warden/Administrator or designee by completing the Request for Warden/Administrator Review portion of the grievance form and submitting the form to the Warden/Administrator. *See* Policy 14-5(L).

Plaintiff alleges he was examined by Dr. Brisolara on or about February 6, 2005, and he remained at DCF for more than five months before being transferred to another facility. During his incarceration at DCF, plaintiff did not utilize the DCF grievance procedures by filing any Requests to Staff or grievances. On July 9, 2005, after plaintiff was transferred to Dick Conner Correctional Center, he filed a Request to Staff, stating he had learned that the DCF staff never made any outside dental referral or appointment for him. Apparently unsatisfied with DCF's response, plaintiff filed a grievance on July 28, 2005, again complaining about the failure by DCF staff to send him to an outside dental provider. The DCF Grievance Officer denied the grievance as untimely, and plaintiff's appeal also was denied. Plaintiff then filed an appeal to the Oklahoma Department of Correctional Medical Services Administrator who again denied relief.

Plaintiff argues in his response to the motion [Docket #48] that he was not required to commence his administrative remedies until he was transferred to Dick Conner Correctional Facility and learned that the DCF staff never had scheduled an appointment for him. The court is not persuaded by this argument. While he was at DCF, plaintiff clearly was aware of his untreated dental problem, and he could have initiated the administrative remedies process while he was at that facility.

An untimely grievance and subsequent denials of relief do not constitute proper exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e(a). *Woodford v. Ngo,*

3

548 U.S. ___, 126 S.Ct. 2378 (2006). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Boch*, 127 S.Ct. 910, 922 (2007) (citing *Woodford*, 548 U.S. at ___, 126 S.Ct. at 2384). Here, plaintiff was required by the DCF grievance policy to file a grievance within seven days of an incident, but he waited more than five months to begin the process. The court, therefore, finds plaintiff failed to properly exhaust his administrative remedies.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #44] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this _5th_ day of March 2008.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**